## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN,** | |
| *Plaintiff*, | |
| **v.** | Civ. No. 22-01288 (MAJ) |
| **PUERTO RICO CONVENTION CENTER DISTRICT AUTHORITY,** *et al.*, | |
| *Defendants.* | |

## OPINION AND ORDER

On October 3, 2022, Plaintiff Faustino Xavier Betancourt Colón ("Plaintiff") filed an Amended Complaint against Defendants Puerto Rico Convention Center District Authority ("the Authority") and SMG Latin America, LLC ("SMG") (collectively "Defendants").[1] (**ECF No. 36**). The dispute arises out of the Plaintiff's experience at the Puerto Rico Coliseum ("the Coliseum"), which he alleges both Defendants maintain jurisdiction over. *Id*. at 5-6. In so alleging, Plaintiff asserts that the Authority violated various provisions of Title II, or in the alternative, Title III of the American with Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA"). *Id*. at 16-17. He further alleges SMG violated various provisions of Title III of the ADA. *Id*. at 17. Plaintiff is seeking injunctive relief, nominal damages, attorney's fees, costs, and litigation expenses. *Id*. at 20-22.

On October 17, 2022, Defendants filed separate Motions to Dismiss. (**ECF Nos. 37, 38**). After being granted an extension of time to respond, on December 8, 2022,

---

[1]     Plaintiff also named "So-And-So 1-100" as a defendant referring to unknown natural or legal persons that are owners, landlords, tenants, and operators of the Defendants named.

Plaintiff responded to both. (**ECF Nos. 53, 54**). On December 9, 2022, the Court referred the Motions to Dismiss to Magistrate Judge Marcos E. López for Report and Recommendation ("R & R"). On December 21, 2022, each Defendant filed a sur-reply (**ECF Nos. 58, 59**), and on March 6, 2023, the Magistrate Judge issued his R & R (**ECF No. 60**). All three parties filed an objection to the R & R on March 20, 2023. (**ECF Nos. 61, 62, 63**). For the reasons stated hereafter, the Court adopts the R & R as modified.

## I.     Background

Plaintiff alleges that he suffers from a physical disability that substantially limits several of his major daily activities. (**ECF No. 36 at 4 ¶ 3**). He alleges he suffers from congestive heart failure (has 20% heart function), hydrocephalus, foot abnormalities, and obesity. *Id*. Plaintiff alleges he visited the Coliseum on November 12, 2021, and "found barriers that interfered with his ability to use and enjoy the goods, services, privileges[,] and accommodations offered there." *Id*. at 6 ¶ 13. The barriers Plaintiff alleges he encountered are well delineated in the Complaint.[2] *Id*. at 8-14. He is both a bona fide client and self-proclaimed tester of the facility. *Id*. at 6 ¶ 16, 7 ¶ 15.

In light of the aforementioned barriers, Plaintiff brings a claim of disability-based discrimination under Title II of the ADA, and in the alternative, Title III of the ADA, against the Authority. *Id*. at 16-17. Plaintiff further alleges that SMG holds a contract with the Authority, making it responsible for "operating, maintaining the building, negotiating and obtaining the licenses and permits to keep the [Coliseum] in operation, among other responsibilities." *Id*. at 5-6. In so alleging, Plaintiff brings a claim of disability-based discrimination under Title III of the ADA against SMG.

---

[2]          Briefly, Plaintiff alleges various violations of the ADA as it pertains to the Coliseum's sidewalk, parking lot, signage, or lack thereof, entrances, seating, and services offered.

In response, both SMG and the Authority filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). (**ECF Nos. 37, 38**). SMG seeks dismissal of Plaintiff's claims on the following grounds: (1) Plaintiff's failure to make a pre-litigation request per 42 U.S.C. § 12182(a) and 42 U.S.C. § 12182(b)(2)(A)(ii);[3] and (2) because the Amended Complaint allegedly comprises of speculative and conclusory allegations that do not amount to a plausible claim. (**ECF No. 37 at 13**). The Authority seeks dismissal on the following grounds: (1) it is not a public entity under Title II of the ADA; (2) it is not an operator and does not provide public services under Title II of the ADA; (3) Plaintiff is not entitled to compensatory damages under Title II of the ADA; and (4) the alternative claim Plaintiff makes under Title III of the ADA should be dismissed for lack of development. (**ECF No. 39**).

On March 6, 2023, the Magistrate Judge issued an R & R recommending that: (1) Plaintiff's alternative claims against the Authority under Title III of the ADA be dismissed in their entirety; (2) Plaintiff's reasonable accommodation or modification claim against SMG under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii) be dismissed; and (3) the conclusory allegations contained in paragraphs (d), (e), and (k) of the Amended Complaint be stricken. (**ECF No. 60 at 37**). The Magistrate Judge recommended that all remaining requests by Defendants be denied. (**ECF No. 60 at 37**). All three parties filed objections, which the Court will address in turn. (**ECF Nos. 61, 62, 63**).

## II.    Legal Standard

The district court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B). "In conducting its

---

[3]    In so arguing, SMG maintains it does also not have a contract with the Authority such that it would be liable under the ADA. (**ECF No. 37 at 6**).

review, the Court is free to 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.'" *Martinez-Rodriguez v. Guevara*, 03-cv-1794, 2007 WL 9758372, at *1 (D.P.R. Aug. 20, 2007) (quoting 28 U.S.C. § 636(a)(b)(1*)); see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Parties may file written objections to the report and recommendation within fourteen days after being served with the same. 28 U.S.C. § 636(b)(1). A party filing a timely objection is entitled to a de novo determination of "'those portions of the report or specified proposed findings or recommendations to which specific objection is made.'" *U.S. v. Baez-Berrios*, 07-cv-0121 (ADC), 2008 WL 11306537, at *1 (D.P.R. May 6, 2008) (quoting *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005)). Failure to comply with this rule may preclude further review by the district court and the court of appeals. *Total Petroleum Puerto Rico Corp. v. Quintana*, 16-cv-2979 (GAG), 2017 WL 3189867, at *1 (D.P.R. July 27, 2017) (citing *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992)).

### III.    Applicable Law and Analysis

All three parties object to the R & R for various reasons. The Court will address each objection in turn.

### i.    Plaintiff's Objections

Plaintiff objects to the R & R on the following two grounds: (1) paragraphs 16(d), 16(e), and 16(k) should not be stricken because they are not mere legal conclusions; and (2) the failure to reasonably accommodate allegation should not be dismissed because a pre-suit request for reasonable accommodations is not required. (**ECF No. 63 at 2, 8**).

### A. Paragraphs 16(d), 16(e), and 16(k)

Regarding Plaintiff's first objection, the paragraphs in dispute read as follows:

(d) The configuration and dimensions of the accessible parking lots are substantially inconsistent with the requirements of the applicable regulations. 2010 ADAAG § 502.2, 503.3. Possible solutions: reconfigure the parking lot by using paint.

(e) The configuration and dimensions of the spaces adjacent to the parking lots are substantially inconsistent with the requirements of the applicable regulations. 2010 ADAAG § 502.2, 503.3.3. Possible solutions: reconfigure the parking lot by using the appropriate paint according to the regulations.

(k) The entrance does not meet the requirements of the applicable regulations. As for the entrances that are not accessible, these do not have signs indicating the location of the accessible entrance. ADAAG 2010 § 216.6. Possible solutions: reconfigure the entrance according to the required regulations.

(**ECF No. 36 at 8-10**).

Briefly, the motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) demands that a plaintiff "provide the grounds of his entitlements [with] more than labels and conclusions." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 8 (1st Cir. 2011) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In the R & R, the Magistrate Judge recommends that the aforementioned paragraphs be stricken because Plaintiff "merely identifies a feature of the Coliseum's facilities and in a conclusory fashion asserts that the specific feature 'is substantially inconsistent with' or 'does not meet the requirements of the applicable regulations.'" (**ECF No. 60 at 6**). Essentially, "[t]hese [three] statements fail to identify *how* or *why* the identified feature does not comply with the ADA regulations" and leaves the reader to "divine how exactly the feature in the facility is inconsistent with those standards." *Id.* at 6-7 (emphasis in original).

In its objection, Plaintiff states that when the Complaint is viewed as a whole, the aforementioned three paragraphs are not legal conclusions. (**ECF No. 63 at 3 ¶ 8**). For

example, Plaintiff cites to paragraph 16(b), which states, "[r]egarding parking, there is not the required number of accessible parking spaces. ADAAG 1991 § 4.1.2; ADAAG 2010 § 208.2. Possible solutions: reconfigure the parking lot by using paint." (**ECF No. 36 at 8 ¶ 16b)**). Thereafter, Plaintiff maintains that,

> it is being affirmatively alleged that [the] parking lots do not comply with the required measures and that this causes that there is not the required number of accessible parking spaces . . .. By stating that the Coliseum does not have a sufficient number of parking lots with the necessary measures to make it accessible, it is notorious that, although there are some parking lots designated as accessible, they do not meet the measures required by 2010 ADAAG § 502.2[,]

as alleged in paragraph 16(d). (**ECF No. 63 at 3 ¶¶ 12-13**). Therefore, Plaintiff concludes, "it would not be logical to state that there is not the number of accessible spaces required . . . without stating in turn that the spaces designated as 'accessible' in the Coliseum do not have adequate measures." *Id*. at 4 ¶ 15. The Court disagrees. Despite Plaintiff's assertion that Paragraph 16(b) affirmatively alleges that the parking lots do not comply with the required measures, it does no such thing. Paragraph 16(b) pertains solely to the number of spaces, and therefore, the Court cannot infer from that paragraph that Plaintiff also takes issue with the measurements of the parking spaces it refers to. Plainly, there can be an incorrect number of parking spaces that all comply with the mandated measurements. Thus, as the Magistrate Judge concluded, paragraph 16(d) does not allege with sufficient facts what exactly Plaintiff takes issue with, and leaves the reader to "divine how exactly the feature in the facility is inconsistent with those standards." (**ECF No. 60 at 6-7**).

The same can be said of paragraph 16(e), where Plaintiff maintains its relation to paragraph 16(n) absolves it of its deficiencies. To elaborate, unlike paragraph 16(e), paragraph 16(n) details how exactly the Defendants are violating the relevant provisions

of the ADA. (**ECF No. 36 at 10 ¶ 16(n)**) ("[Section] 405.7.4 (handrails required on ramps raised more than 6") 505.4 (ramp handrail height), 505.6 (ramp handrail top obstructions) . . ."). Plaintiff maintains that "taking into account that the fact that the ramps of the access routes do not comply with the ADA regulations was already accepted as true, it is a logical consequence that it is accepted that the access routes (spaces adjacent to the parking area) do not comply with the required measures either, since the access ramps are also part of the access routes." (**ECF No. 63 at 5 ¶ 18**). The Court disagrees. Paragraph 16(n) makes no mention of the spaces adjacent to the parking area, and though the Court must make reasonable inferences in the Plaintiff's favor at this stage, what Plaintiff requests is a leap. *See Merlino v. Frazier*, 19-cv-1304, 2023 WL 2413924, at *7 (D.P.R. Mar. 8, 2023). Moreover, even if the Court was so inclined, as the Magistrate Judge concluded, "[a] reader is left to guess what exactly is wrong with those features," given the numerous subsections within each regulation. (**ECF No. 60 at 8**). For example, section 502.3 has four subsections which pertain to width, length, marking, and location. 2010 ADAAG § 502.3. Even at this stage in the litigation, Plaintiff is required to identify what exactly he asserts Defendants are violating, that being the width, length, marking, and/or location of the spaces adjacent to the parking lots. Plaintiff further states "given that it is reasonably logical to assume that the claims in paragraph 16(d) and 16(e) of the Amended Complaint refer to the fact that the measures of these areas are less than those allowed, the allegations studied so far should not be dismissed . . ." (**ECF No. 63 at 7 ¶ 25**). This would be true, but for the fact the regulations cited have numerous subsections. Therefore, the Court cannot discern which exactly Defendants are allegedly violating.

For similar reasons, Plaintiff fares no better with paragraph 16(k). As the Magistrate Judge correctly points out, there are too many moving parts for the reader to glean which one or more of the requirements Defendants are failing to meet. (**ECF No. 60 at 7-8**). Accordingly, the Court adopts the R & R and **GRANTS** the Motion to Dismiss as to these claims.

### B. Request for Reasonable Modification

Plaintiff's second objection pertains to his request for reasonable accommodation pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii). (**ECF No. 63 at 8**). In their Motions to Dismiss, Defendants argue that Plaintiff's Title III claims should be dismissed because he failed to plead that he made a pre-litigation request for reasonable modification under Title III of the ADA. (**ECF No. 60 at 13**). The Magistrate Judge agreed only as to 42 U.S.C. § 12182(b)(2)(A)(ii). *Id.* In his objection, Plaintiff reasserts his contention that a pre-suit request is not a prerequisite for a reasonable accommodations claim, that it would have been a futile gesture regardless, and that the filing of the Complaint served as the requisite notice. (**ECF No. 63 at 8 ¶¶ 28-30**).

Plainly, "[t]he operative provision, 42 U.S.C. § 12182(b)(2)(A)(ii), requires a person with a disability to request a reasonable and necessary modification, thereby informing the operator of a public accommodation about the disability." *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 309 (1st Cir. 2003); *Martinez v. Natl. U. College*, 18-cv-1975 (DRD), 2020 WL 1933646, at *4 (D.P.R. Apr. 21, 2020) ("In order for a plaintiff to succeed in his Title III claim . . . he must make a six-part showing: . . . (4) that [the plaintiff] 'requested a reasonable modification in that policy or practice which, if granted, would have afforded him access to the desired goods' . . .) (quoting *Dudley*, 333 F.3d at 307); *Santiago Ortiz v. Caparra Ctr. Associates, LLC*, 261 F. Supp. 3d 240, 245 (D.P.R.

2016) (quoting same); *DMP v. Fay Sch. ex rel. Bd. of Trustees*, 933 F. Supp. 2d 214, 222 (D. Mass. 2013) ("However, because I find that [the plaintiff] failed to request a reasonable accommodation and was not otherwise qualified to matriculate at [the defendant school], [the plaintiff] has failed to establish a claim for violation of the ADA."). Plaintiff does not indicate that a request was made in the Amended Complaint. Further, the Court agrees with the R & R's analysis that the filing of the Complaint does not satisfy the notice requirement, nor is the Court convinced it would have been a futile gesture to do so. Accordingly, the Court adopts the R & R and **GRANTS** the Motion to Dismiss as to Plaintiff's claim for reasonable accommodations pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii).

### ii. SMG's Objections

SMG objects to the R & R based on the following four grounds: (1) the R & R allegedly erred in finding that a contract exists between SMG and the Authority such that SMG is a properly named defendant in the instant lawsuit; (2) the R & R errs in concluding that subparagraphs 16(d), 16(e), and 16(k) are the only conclusory allegations in the Amended Complaint;[4] (3) the Amended Complaint improperly "lumps" the defendants in its factual pleadings, thus warranting dismissal; and (4) the R & R's recommendation that Plaintiff has standing to sue under Title III of the ADA should be modified. (**ECF No. 62**).

### A. Contractual Relationship Between SMG and the Authority

With regard to SMG's first objection, in its Motion to Dismiss, SMG alleged that there is no contractual relationship between SMG and the Authority such that SMG is a

---

[4] In so arguing, SMG adopts and incorporates by reference the arguments presented by the Authority in its objection on this issue. (**ECF No. 62 at 7**).

properly named defendant in the instant action. (**ECF No. 37 at 6 n.1, 7-8**). In the R & R, the Magistrate Judge recommended that because all reasonable inferences are to be made in Plaintiff's favor at the Motion to Dismiss stage, the Court must conclude that SMG is the entity currently holding the contract to operate the Coliseum, and thus, is a properly named defendant. (**ECF No. 60 at 20**). In so recommending, the Magistrate Judge cited to Plaintiff's factual averments that a contract exists between both Defendants. *Id.*

In its objection, SMG raises for the first time that the Court may take judicial notice of the fact that if such contract existed, it would need to be registered with the Office of the Comptroller. (**ECF No. 62 at 6**). Such registration is available on a database accessible to the public, and allegedly demonstrates that SMG does not have a contract for the relevant time period with the Coliseum. *Id.* Despite this, "new arguments, or newly raised evidence, are to be excluded as reconsideration arguments originally available to movant at the time of the submission to the magistrate judge*." Cortes-Rivera v. Dept. of Correction and Rehab. of Puerto Rico*, 617 F. Supp. 2d 7, 14 (D.P.R. 2009), *aff'd sub nom. Cortes-Rivera v. Dept. of Corrections and Rehab. of Com. of Puerto Rico*, 626 F.3d 21 (1st Cir. 2010) (citing *Rosario Rivera v. Puerto Rico Aqueduct & Sewers Auth.*, 331 F.3d 183, 193 (1st Cir. 2003)). Accordingly, the Court adopts the R & R as it pertains to this argument. SMG may challenge Plaintiff's averment through a motion for summary judgment if it so chooses.

### B. Collective/Group Pleading[5]

---

[5]    SMG adopts and incorporates by reference the arguments presented by the Authority in its objection on this issue. (**ECF No. 62 at 8**). The Authority does not raise this argument in its Motion to Dismiss, but does so in its objection at (**ECF No. 61 at 5**). As previously mentioned, new arguments "are to be excluded as reconsideration arguments originally available to movant at the time of the submission to

In its Motion to Dismiss, SMG asserts that Plaintiff "impermissibly lumps together loose-fitting allegations asserted against all [D]efendants." (**ECF No. 37 at 11**). In so alleging, SMG maintains that "group pleading is antithetical to *Iqbal* and *Twombly's* pleading standard, as it does not support a facially plausible viable claim against each codefendant in civil right claims . . ." *Id.* The R & R does not directly address this argument, and thus SMG re-asserts it in its objection. (**ECF No. 62 at 8**).

In its objection, SMG criticizes Plaintiff's interchangeable "use of the term 'Defendant'" which "fail[s] to specify which [D]efendant is liable for the alleged discrimination." (**ECF No. 61 at 7**). It cites to paragraphs 18, 20, 21, 22, 23, 44, 45, 46, 49, and 51, which refer to "Defendant" indiscriminately. *Id.* It also argues this is especially problematic because "two distinct defendants are liable under two distinct parts of the ADA, Title II or III, and . . . one cannot be liable for the other." *Id.* at 8.

In the Complaint, Plaintiff describes the Authority—in part—as such:

> Having the responsibility according to article 1.06 to own, finance, acquire, dispose of, lease, sublease, sell, transfer, plan, design, develop, build, operate, maintain, repair, replace, manage, market, improve and promote, for itself or by contract with third parties, the Coliseum or any portion thereof, the private parcels and projects on the private parcels and any other related or supporting projects or services, and cause the development, construction, expansion, operation, administration, improvement, promotion of the Coliseum, private plots and projects on the private plots.

(**ECF No. 36 at 5**). He describes SMG—in part—as such: "SMG . . . through a management and administration consulting services agreement . . . is responsible for operating, maintaining the building, negotiating and obtaining the licenses and permits to keep the Coliseum in operation, among other responsibilities." *Id.* at 5-6. Thereafter,

---

the magistrate judge." *Cortes-Rivera*, 617 F. Supp. 2d at 17. Accordingly, the argument is denied as to the Authority, but the Court will address it insofar as SMG adopts and incorporates it by reference, as this argument was raised in SMG's Motion to Dismiss at (**ECF No. 37 at 11**).

Plaintiff describes the various alleged ADA violations, without specifically alleging which Defendant has violated which. *Id*. at 8 ¶ 16. SMG cites to district courts that have found this warrants dismissal for failure to state a claim, however, none of which are in this circuit. (**ECF No. 37 at 12**).

"Ordinarily, a 'complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally.'" *Figueroa Collazo v. Ferrovial Construccion PR, LLC*, 20-cv-1612, 2021 WL 4482268, at \*9 (D.P.R. Sept. 30, 2021) (quoting *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004)). "Therefore, '[w]hile [a] 'group pleading' is not prohibited per se, the complaint must allege a plausible claim against each defendant.'" *Figueroa Collazo*, 2021 WL 4282268 at 9 (quoting *Whiman & Co., Inc. v Longview partners (Guernsey) Ltd.*, 14-cv-12047, 2015 WL 4467064, at \*10 (D. Mass. July 20, 2015). "The question before the Court is whether, as to each defendant, [the] plaintiff's pleadings are sufficient to state a claim on which relief can be granted." *Figueroa Collazo*, 2021 WL 4482268 at 9. Moreover, "under Rule 8, the statement of a claim must, at bare minimum, provide 'fair notice of what the claim is and the grounds upon which it rests.'" *Negron Basmeson v. Universal Music Publg. MGB, S.A. de C.V.*, 13-cv-1077, 2014 WL 12726071, at \*3 (D.P.R. Feb. 3, 2014) (quoting *Twombly*, 550 U.S. at 554); *see also Carter v. Newland*, 441 F. Supp. 2d 208, 214 (D. Mass. 2006) ("Although each defendant may not be apprised of [the plaintiff's] specific allegations against him/her, the general nature of the claims against [the defendants] . . . is described . . . [and] [a]t this very early stage in the litigation, that allegation is enough for plaintiff to proceed.").

"At the motion to dismiss stage a complaint generally will only be dismissed where it is 'entirely implausible' or impossible for the grouped defendants to have acted as alleged." *Zond, Inc. v. Fujitsu Semiconductor Ltd.*, 990 F. Supp. 2d 50, 53 (D. Mass. 2014) (internal citations and quotations omitted).

With regard to the instant action,

Title II and Title III are parallel provisions with Title II covering only public entitles and Title III covering only private entities[.] [T]here are many situations ... in which public entities stand in very close relation to private entities that are covered by Title III. The result is that certain activities may be affected, at least indirectly, by both titles .... Where public and private entities act jointly, the public entity must ensure that the relevant requirements of [T]itle II are met; and the private entity must ensure compliance with [T]itle III.

*Hernandez v. County of Monterey*, 70 F. Supp. 3d 963, 973 (N.D. Cal. 2014) (internal citations and quotations omitted). Accordingly, given the overlap alleged by Plaintiff of SMG and the Authority's roles and responsibilities with regard to the Coliseum, and the "parallel" nature of Title II and Title III, the Court finds Defendants were given fair notice of what the claims are against them and the grounds upon which they stand. Plainly, "this case does not present [the] problems that arise when tortious actions that are entirely different in character are grouped in a single allegation." *Wagner, Tr. of Kelsie Wagner Tr. v. Gulfport Energy Corp.*, 2020 WL 8339211, at *2 (W.D. Okla. Sept. 30, 2020) (internal citations and quotations omitted) (collecting cases). For example, paragraph 20—which SMG cites as too indistinct—states:

Defendant knew, or should have known, that the [Coliseum] was and is inaccessible; that the conditions of the [Coliseum] violate federal law and hinder (or deny) access to the disabled people. In addition, Defendant has the financial resources to remove these barriers from the [Coliseum] (without much difficulty or expense), and to make the [Coliseum] accessible to [Plaintiff]. To date, however, Defendant refuse to remove those barriers.

(**ECF No. 36 at 14 ¶ 20**). This allegation reasonably could be understood to mean that Plaintiff is alleging that both Defendants engaged in this discriminatory behavior, especially given the parallels between Title II and Title III. *Birdsong v. Unified Gov't of Kansas City, Kan.*, 2014 WL 2216904, at *4 (D. Kan. May 29, 2014) (holding that the plaintiff's "use of the collective 'defendants' . . . [could] reasonably be understood to mean that [the plaintiff was] alleging that all four [of the] [d]efendants engaged in the alleged activities."). Regarding the more specific allegations, for example, those relating to the parking lot, based on Plaintiff's description of SMG and the Authority's duties pertaining to the Coliseum, it is too early to dismiss these claims when either or both could be held liable for the alleged violations. *See Zond,* 990 F. Supp. 2d at 53 ("Though it may be a stretch for the [C]ourt to infer that both parent [] and subsidiary [] design and develop the same semiconductor products . . . it is not for the Court to evaluate, at this stage, whether the plaintiff will be able to obtain the necessary evidence to prove its claims.") (internal quotations omitted). Accordingly, the Court **DENIES** SMG's Motion to Dismiss as to this argument.

### C.  Standing Modification

SMG's final objection pertains to the Magistrate Judge's determination regarding Plaintiff's standing to sue SMG for unencountered barriers. (**ECF No. 62 at 8-9**). In the Amended Complaint, Plaintiff indicates he intends to "use the discovery mechanisms to search for, identify, and point out all those architectural barriers related to . . ." his disability. (**ECF No. 36 at 14 ¶ 19**). In SMG's Reply to Plaintiff's Opposition to the Motion to Dismiss, it asserts Plaintiff needs actual knowledge of the barriers he wishes to sue for to have standing. (**ECF No. 54 at 5**). In the R & R, the Magistrate Judge recommends that Plaintiff "be allowed to assert claims with regard to any and all barriers

which are related to his disability, even if not encountered at the time of the filing of the [C]omplaint." (**ECF No. 60 at 12**). In so recommending, the Magistrate Judge cites to the fact the First Circuit has yet to decide on this issue, and thus follows the opinion of the Eighth Circuit in *Steger v. Franco, Inc. Id.* at 10-12 (citing 228 F.3d 889 (8th Cir. 2000)). There, the Eighth Circuit held that a plaintiff need not encounter all barriers to obtain effective relief, as

> [t]he effect of such a rule would be piecemeal compliance. To compel a building's ADA compliance, numerous blind plaintiffs, each injured by a different barrier, would have to seek injunctive relief as to the particular barrier encountered until all barriers had been removed. This not only would be inefficient, but impractical.

*Steger*, 228 F.3d at 894. As to the scope of Plaintiff's inspection for said unencountered barriers, the Magistrate Judge recommended the issue be revisited at the discovery stage. (**ECF No. 60 at 12**).

In its objection, SMG maintains the scope of Plaintiff's inspection and potential newly discovered barriers for purposes of this suit "must be limited to those that (a) relate to, and affect[] his particular disability, and (b) existed at the time this action was filed." (**ECF No. 62 at 10**). Moreover, SMG asserts that the R & R should be modified such that Plaintiff only be entitled to conduct an inspection of the public areas. *Id.*

First, in agreement with SMG's contention, the Magistrate Judge recommends that Plaintiff may only assert claims "which are related to his disability." (**ECF No. 60 at 12**). The Court agrees with the Magistrate Judge's reasoning as to this point, and thus, SMG's first concern is resolved. Regarding SMG's request that Plaintiff be limited to unencountered barriers that existed at the time the action was filed, SMG cites to the language used in *Doran v. 7-Eleven, Inc.*, where the Ninth Circuit states:

> [w]e therefore hold that where a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one alleged statutory violation of which he or she has knowledge and which deters access to, or full use and enjoyment of, a place of public accommodation, he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability *existed at the time he or she brought the claim.*

524 F.3d 1034, 1044-45 (9th Cir. 2008) (emphasis added); (**ECF No. 62 at 9**).

Importantly, this restrictive language cited is not mentioned anywhere else in the opinion, nor is it in line with the overall purpose behind the ruling. *Doran*, 524 F.3d at 1047 ("An ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability."). In holding that a plaintiff has standing to sue for undiscovered barriers related to their disability,

> [t]he Court noted that 'a rule limiting plaintiff to challenging the barriers he or she had encountered or personally knew about would burden business and other places of public accommodation with more ADA litigation, encourage piecemeal compliance with the ADA, and ultimately thwart the ADA's remedial goals of eliminating widespread discrimination against the disabled into the mainstream American life.'

*Natl. Fedn. of the Blind of California v. Uber Techs., Inc.,* 103 F. Supp. 3d 1073, 1081 (N.D. Cal. 2015) (quoting *Doran*, at 1047). Accordingly, it is the actual knowledge of an ADA barrier and the intent to return that gives an ADA plaintiff standing. This is in line with the First Circuit's holding in *Dudley,* where the Court stated "[t]he proposition that [the defendant] advances—that a disabled person must subject himself to repeated instances of discrimination in order to invoke the remedial framework of Title III of the ADA—turns the language of section 12188(a)(1) on its head." 333 F.3d at 305; *see also Minna v. Rowley*, 21-cv-01329, 2023 WL 1478882, at *3 (E.D. Cal. Feb. 2, 2023) ("The Ninth Circuit has clarified that a 'personal encounter' with a barrier is not required; '[i]t

is the plaintiff's 'actual knowledge' of a barrier, rather than the source of that knowledge, that is determinative.") (citing *C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1099–1100 (9th Cir. 2017)). Thus, it would be contrary to the overall purpose of the ADA and the Eighth and Ninth Circuit rulings cited to require the parties to parse out when exactly every undiscovered ADA violation occurred as they are found throughout the course of discovery. It would lead to piecemeal litigation if a violation were in fact determined to have risen after the filing of the complaint and the plaintiff is unable to sue for it, even though it is directly related to their disability. Accordingly, the Court **DENIES** Defendants request to modify the R & R as to this point.

Finally, the Court agrees with the Magistrate Judge that the scope of Plaintiff's potential inspection may be raised at the discovery stage and need not be addressed at this juncture. (**ECF No. 60 at 12**).

### iii.    The Authority's Objections

The Authority objects to the R & R on the following four grounds: (1) the R & R errs in concluding that subparagraphs 16(d), 16(e), and 16(k) are the only conclusory allegations in the Amended Complaint; (2) the Amended Complaint improperly "lumps" the defendants in its factual pleadings, thus warranting dismissal;[6] (3) the Complaint fails to allege sufficient facts to make it plausible to conclude that the Authority intentionally discriminated against Plaintiff, thus warranting dismissal of Plaintiff's request for compensatory damages; and (4) the R & R's recommendation that Plaintiff has standing to sue under Title III of the ADA should be modified. (**ECF No. 61**).[7]

---

[6]    See footnote number 4.

[7]    The Authority's final objection reasserts and realleges SMG's objection as to this point. (**ECF No. 61 at 13**). The Court realleges its findings as to that objection here.

### A.  Paragraphs 16(d), 16(e), and 16(k)

With regard to SMG's second objection, in its Motion to Dismiss, SMG alleged that the Amended Complaint failed to state a claim because the factual allegations were "conclusory, non-descriptive, speculative, and boilerplate language parroting ADA's requirements—for which no facially-plausible factual supporting detail is provided." (**ECF No. 37 at 10**). In the R & R, the Magistrate Judge recommended that paragraphs 16(d), 16(e), and 16(k) be stricken from the Amended Complaint because they "all fail to identify with specific facts what applicable regulation under the ADA those features at the Coliseum have violated, [and are therefore] conclusory and do not assert a plausible claim for relief." (**ECF No. 60 at 9**).

In its objection, the Authority argues that subparagraph 16(j) is also conclusory such that it should be stricken from the Amended Complaint. (**ECF No. 61 at 4**). Plaintiff does not respond to this objection.

Paragraph 16(j) of the Amended Complaint states: "[a]ccessible parking lots are not located on the closest accessible route to the accessible entrance. ADAAG 2010 § 502.6. Possible solution: reconfigure parking lots." (**ECF No. 36 at 9**). Although Plaintiff contends ADAAG 2010 § 502.6 pertains to the location of the accessible parking lots, it actually pertains to "parking space identification." The Court assumes Plaintiff accidentally cited the incorrect regulation. However, the Court is unable to glean which regulation he is referring to at this time. Accordingly, the Court **GRANTS** the Motion to Dismiss as to this point and modifies the R & R as such.

### B.  Compensatory Damages Under Title II

With regard to the Authority's third objection, in the Amended Complaint, Plaintiff requests nominal damages in the amount of one dollar. (**ECF No. 36 at 21**). In its Motion

to Dismiss, the Authority alleges Plaintiff is not entitled to compensatory damages under Title II of the ADA. (**ECF No. 39 at 28**). In so alleging, the Authority maintains Plaintiff has not made a sufficient showing that the Authority has behaved with the requisite intentionality to warrant nominal damages. *Id*. at 29. The Magistrate Judge recommends that the Authority's request for dismissal of this request be denied. (**ECF No. 60 at 37**). In so recommending, the Magistrate Judge finds that Plaintiff "has made adequate allegations of intentional discrimination," citing to Plaintiff's statement that the "discriminatory intent includes the conscious and considered refusal not to adhere to relevant construction standards; the disregard for the construction plans and permits issued for the Coliseum . . . [and] the decision not to remove the architectural barriers and maintain the [Coliseum] in a state of non-compliance, motivated by profit," among other allegations. *Id*. at 36-37.

In its objection, the Authority states "that the R & R errs in construing the allegations of a supposed intent to discriminate favorable to Plaintiff's request for an award of money damages, since the only allegations that intimate intentional discrimination are wholly conclusory, as regards the Authority specifically." (**ECF No. 61 at 11**). The Court disagrees.

As stated in the R & R, the "Supreme Court has made clear that Title II of the ADA 'authorizes suits by private citizens for money damages against public entities that violate § 12132.'" (**ECF No. 60 at 35**) (quoting *United States v. Georgia*, 546 U.S. 151, 154 (2006)). "However, a private plaintiff is only entitled to compensatory damages under Title II of the ADA for 'intentional discrimination.'" *Id*. (quoting *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 126 (1st Cir. 2003)). The First Circuit has held that "under Title II[,] non-economic damages are only available when there is evidence of 'economic

harm or animus towards the disabled.'" *Carmona-Rivera v. Puerto Rico*, 464 F.3d 4, 17

(1st Cir. 2006) (quoting *Nieves-Marquez*, 353 F.3d at 127); *Huertas Leon v. Colon-*

*Rondon*, 376 F. Supp. 3d 167, 181 (D.P.R. 2019).

> In the Amended Complaint, Plaintiff alleges the following:

> . . . the discriminatory intent includes the conscious and considered refusal not to adhere to relevant construction standards; the disregard for the construction plans and permits issued for the [Coliseum]; [and] the conscientious decision to maintain the architectural design (as it currently exists) on the [Coliseum] . . .

(**ECF No. 36 at 15 at ¶ 22**). At the pleading stage, Plaintiff has sufficiently alleged that

the Authority acted with discriminatory animus towards the disabled. "Whether [the

Authority's] actions were motivated by animus towards the disabled is an issue that will

need to be addressed on summary judgment." *Torres v. Junta de Gobierno del Servicio*

*de Emergencia*, 91 F. Supp. 3d 243, 254; *Vazquez v. Municipality of Juncos*, 756 F. Supp.

2d 154, 167 (D.P.R. 2010) ("The Court concludes that there exists a genuine dispute as to

whether or not [the defendant] discriminated against [the plaintiff] and whether [the

defendant's] actions were motivated by animus towards the disabled."); *Garcia-Castro v.*

*Puerto Rico*, 20-cv-1065 (JAG), 2021 WL 4979258, at *3 (D.P.R. Sept. 23, 2021) ("Here,

drawing all reasonable inferences in [the] [p]laintiffs' favor, the Court finds that the

Amended Complaint sufficiently alleges intentional discrimination. While [the]

[d]efendants deny any intentional wrongdoing on their part, at this stage we must credit

the pleadings."). Accordingly, the Court **DENIES** the Authority's Motion to Dismiss as to

this point.

## IV.    Conclusion

For the aforementioned reasons, the Court adopts the R & R as modified and as

such, the Motions to Dismiss filed by SMG and the Authority are **GRANTED IN PART**

and **DENIED IN PART**.[8] Accordingly, Plaintiff's alternative claims against the Authority under Title III of the ADA are **DISMISSED**, Plaintiff's claims for reasonable accommodations under 42 U.S.C. § 12182(b)(2)(A)(ii) are **DISMISSED**, and Plaintiff's claims at paragraphs (d), (e), (j), and (k) of his Complaint are **DISMISSED**. The remaining requests to dismiss Plaintiff's Amended Complaint contained in both Defendants' Motions to Dismiss are **DENIED.**

　　**IT IS SO ORDERED.**

　　In San Juan, Puerto Rico, this 11th day of August, 2023.


　　　　　　　　　　　　　　**S/ MARÍA ANTONGIORGI-JORDÁN**
　　　　　　　　　　　　　　　**United States District Judge**

---

[8]　　　The Court adopts in full the findings in the R & R not objected to by the parties.